No. 22238.

THE PEOPLE OF THE STATE OF COLORADO *v.*
ROBERT N. TRUNK.
(425 P.2d 278)

Decided March 27, 1967.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, for the People.

ANTHONY F. ZARLENGO, MARTIN G. DUMONT, for attorney respondent.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an original proceeding in discipline brought by the attorney general on behalf of the People against Robert N. Trunk, Respondent, a duly licensed attorney in Colorado since September 7, 1954. The action was initiated because Trunk had pleaded *nolo contendere* in the United States District Court for the District of Colorado to a charge of having committed offenses against the United States of America, to wit, that he made a false written statement for the purpose of securing a F.H.A. Loan as was described in an indictment filed against him. Following the plea, the Respondent was sentenced to three years in prison; the sentence, however, was thereafter suspended and he was placed on probation for three years, commencing June 4, 1965. Seven other similar counts against the Respondent were then dismissed.

The Respondent answered the complaint in discipline; he admitted the charges and federal sentence, but denied that his conduct was contrary to the high standards of honesty, justice and morality required of at-

torneys admitted to practice in this state. He asserted by way of a plea of avoidance that he had been engaged in both the construction business and the practice of law during the period in question; that his business "* * * was failing and Respondent was so overworked, worried, and harrassed that it became necessary for him to be under the care of a psychiatrist * * * (who) recommended hospitalization for Respondent but that treatment was not taken due to lack of funds."

He stated that he had paid off each of the F.H.A. loans generally as agreed before he was indicted and that no loss was suffered by the government. Other statements were also made in mitigation of the offense charged. In the proceeding now before us, the Respondent further urges that he has had to resign from a well-paying position as an attorney due to his present status; and that only after great difficulty has he secured another job to support his family, which work is in a field much less remunerative and which does not require him to be an attorney.

This entire matter has been referred to and heard by our Supreme Court Grievance Committee which has filed its report with us. It found the charges of improper conduct fully warranted by the evidence before it, and has recommended:

"* * * that the Respondent be suspended indefinitely from the practice of law before the Courts of Colorado for at least the period during which he is on probation in the United States District Court for the State of Colorado."

To this recommendation the Respondent asserts a single exception; it is that the punishment recommended:

"* * * is unreasonably severe in view of the facts found by the Committee when compared with discipline heretofore imposed * * * in cases involving similar circumstances."

The applicable rule, however, is that each case of this kind depends upon its own facts and circumstances. And,

under the facts disclosed by this record, we find a situation sufficiently serious to warrant indefinite suspension.

The judgment of the court, therefore, is that the Respondent be, and he hereby is, suspended from the practice of law in Colorado for an indefinite period.

MR. JUSTICE PRINGLE not participating.